**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

TRAVELERS PROPERTY CASUALTY COMPANY
OF AMERICA as subrogee of SARANAC LAKE
RESORT OWNER, LLC,                                         8:22-cv-585
                                                            (ECC/PJE)
                              Plaintiff,

v.

FRIEDRICH AIR CONDITIONING, LLC,
BACKER EHP, INC., J.W. SWANSON &
ASSOCIATES, LLC, ALLTEK ENERGY SYSTEMS,
INC. and CAREY ELECTRIC, INC.,


                              Defendants.


FRIEDRICH AIR CONDITIONING, LLC,

                                        Third-Party
                                        Plaintiff,

v.

BACKER EHP, INC.

                                        Third-Party
                                        Defendant.

ALLTEK ENERGY SYSTEMS, INC.,

                                        Third-Party
                                        Plaintiff,

v.

BBL CONSTRUCTION SERVICES, LLC, and
BASKERVILL & SON INTERNATIONAL
ARCHITECTS & ENGINEER also known as
BASKERVILL & SON INTERNATIONAL, P.C.,
BASKERVILL & SON, P.C., BASKERVILL
ARCHITECTURE, INC. and BASKERVILL
HOLDINGS, LLC.

                                        Third-Party
                                        Defendants.

---

CAREY ELECTRIC, INC.,

                                        Third-Party
                                        Plaintiff,

v.

BBL CONSTRUCTION SERVICES, LLC, and
BASKERVILL & SON INTERNATIONAL
ARCHITECTS & ENGINEER also known as
BASKERVILL & SON INTERNATIONAL, P.C.,
BASKERVILL & SON, P.C., BASKERVILL
ARCHITECTURE, INC. and BASKERVILL
HOLDINGS, LLC.

                                        Third-Party
                                        Defendants.

---

Kenneth A. Krajewski, Esq., *for Third-Party Plaintiff Alltek Energy Systems, Inc.*
Michael Schneider, Esq., *for Third-Party Plaintiff Carey Electric, Inc.*
Mark R. McCauley, Esq., *for Third-Party Defendants Baskervill & Son International, P.C, et al.*
Monique B. McBride, Esq., *for Third-Party Defendant BBL Construction Services, LLC*

**Hon. Elizabeth C. Coombe, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

Third-party plaintiffs Alltek Energy Systems, Inc. (Alltek) and Carey Electric, Inc. (Carey) (collectively, Third-Party Plaintiffs) filed third-party complaints in this action, alleging state law claims arising from a fire that occurred in a Saranac Lake, New York hotel on January 5, 2021 (the fire). Carey Third-Party Complaint (Carey TPC), Dkt. No. 102;  Alltek Third-Party Complaint (Alltek TPC), Dkt. No. 104.  The third-party defendants named in the TPCs are: (1) Baskervill & Son International, P.C (sued as Baskervill & Son International Architects & Engineer), Baskervill & Son, P.C., and Baskervill Architecture, Inc. (all three collectively, Baskervill); Carey TPC ¶¶ 9–12; Alltek TPC ¶¶ 9–12; (2) BBL Construction Services, LLC (BBL), Carey TPC ¶ 8; Alltek TPC ¶ 8; and (3) Baskervill Holdings, LLC, an entity that has not appeared in this action; Carey TPC ¶ 8; Alltek TPC ¶ 8; *see* No. 8:22-cv-585.  Baskervill and BBL are collectively referred to as the Third-Party Defendants.  Presently before the Court are (1) Baskervill's motion to dismiss the claims asserted by the Carey and Alltek TPCs under Federal Rule of Civil Procedure 12(b)(6)[1] and (2) BBL's motion for judgment on the pleadings on the Casey and Alltek TPCs under Federal Rule of Civil Procedure 12(c).  Dkt. Nos. 125, 129.  The motions are fully briefed.  *See* Dkt. Nos. 125-10, 126, 129-6, 130, 132-2, 134, 136.[2]  For the following reasons, the motions are granted.

---

[1] Baskervill & Son International, P.C (sued as Baskervill & Son International Architects & Engineer) is not seeking dismissal of the contribution claims against it.  Dkt. No. 125 at 2; Dkt. No. 125-10 at 6.

[2] Carey filed its response to BBL's motion more than three months after the motion was filed, and it did not seek an extension of the briefing schedule.  Dkt. No. 129; Dkt. No. 141. Local Rule 7.1(a)(3) states that the "Court shall not consider any papers required under this Rule that are not timely filed or are otherwise not in compliance with this Rule unless good cause is shown."  Carey argues that BBL would not suffer any prejudice because Alltek opposed the motion "on similar grounds."  Dkt. No. 142.  This argument is not sufficient to establish good cause, and Carey's response will not be considered other than to indicate that Carey opposes BBL's motion.

I.    **FACTS**[3]

The plaintiff in the underlying action (Underlying Plaintiff) filed a complaint asserting a negligence claim against Third-Party Plaintiffs Carey and Alltek and products liability, breach of express warranty, and breach of implied warranty claims against Third-Party Plaintiff Alltek. Traveler's Second Amended Complaint (Underlying Compl.), Dkt. No. 46, ¶¶ 93–131. According to the TPCs and the Underlying Complaint, the fire (1) resulted in "severe property and other damage," *id.* at ¶ 16, (2) "occurred in Room 236 at the Saranac Lake Waterfront Lodge," Carey TPC ¶ 21; Alltek TPC ¶ 21, and (3) began in a variable refrigerated heat pump that was "specified by" Baskervill," "sold to" BBL, "installed by" Alltek, and "electrified by" Carey, Underlying Compl. ¶ 16; Carey TPC ¶ 21; Alltek TPC ¶ 21.  Before the fire, Baskervill and BBL "entered into certain contracts, agreements, proposals, works, purchase orders and/or other instruments for the design, engineering, architectural, construction, building, and development of a hotel now known as the 'Saranac Lake Waterfront Lodge.'"  Carey TPC ¶ 20; Alltek TPC ¶ 20.

In its answers, BBL admitted that it is a limited liability company domiciled and doing business in New York, and it did not make any other admissions.  Dkt. No. 112 ¶¶ 8, 14, 32, 33; Dkt. No. 113 ¶¶ 8, 14, 32, 33.

Carey voluntarily dismissed its claims against Baskervill Holdings, LLC (the entity that has not appeared), Dkt. No. 122 at 2,[4] but Alltek did not, Dkt. No. 124 at 2.  Alltek did, however,

---

[3] These facts are drawn from the Alltek and Carey TPCs, which are almost identical, and the Underlying Complaint.  Dkt. Nos. 46, 102, 104; *see Travelers Indem. Co. v. GHD Consulting Servs. Inc.*, No. 3:22-cv-1136 (BKS/ML), 2025 WL 295013, at *7 (N.D.N.Y. Jan. 24, 2025) (stating that third-party claims "may be read in conjunction with the original pleadings") (quotation and citation omitted). The Court assumes the truth of, and draws reasonable inferences from, the well-pled factual allegations, *see Lynch v. City of New York*, 952 F.3d 67, 74–75 (2d Cir. 2020), but does not accept as true any legal conclusions, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] Unless otherwise noted, citations to page numbers refer to pagination generated by the Court's ECF system.

voluntarily dismiss its claims against some Baskervill entities (Baskervill & Son International Architects & Engineer, Baskervill & Son, P.C., and Baskervill Architecture, Inc.), but not its claims against Baskervill Holdings, LLC and Baskervill & Son International, P.C.  Dkt. No. 124 at 2.

## II.    LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Mayor & City Council of Balt. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[5]  "Although a complaint need not contain detailed factual allegations, it may not rest on mere labels, conclusions, or a formulaic recitation of the elements of the cause of action, and the factual allegations 'must be enough to raise a right to relief above the speculative level.'" *Lawtone-Bowles v. City of New York*, No. 16-cv-4240, 2017 WL 4250513, at *2 (S.D.N.Y. Sep. 22, 2017) (quoting *Twombly*, 550 U.S. at 555).  A court must accept as true all well-pled factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  *See EEOC v. Port Auth.*, 768 F.3d 247, 253 (2d Cir. 2014) (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"[P]leading standards may be lessened somewhat for third-party claims, which may be read in conjunction with the original pleadings."  *Travelers Indem. Co. v. GHD Consulting Servs. Inc.*,

---

[5] Contrary to Carey's argument, dismissal of a complaint pursuant to Rule 12(b)(6) is not "limited to instances where it is 'clear that no relief could be granted under any set of facts that could be proved consistent with the allegation.'"  Carey Mem. at 6 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)).  That standard was abrogated by *Twombly*, 550 U.S. at 562–63, 570.

No. 3:22-cv-1136 (BKS/ML), 2025 WL 295013, at *7 (N.D.N.Y. Jan. 24, 2025) (alteration in original) (quoting *Sands Harbor Marina Corp. v. Wells Fargo Ins. Servs. of Or., Inc.*, 156 F. Supp. 3d 348, 361 (E.D.N.Y. 2016)) (additional quotation omitted).  "At the same time, 'third-parties seeking indemnification or contribution must still set forth enough facts to state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Sands Harbor Marina Corp.*, 156 F. Supp. 3d at 361 (additional quotation omitted)).

"In deciding a Rule 12(c) motion" for judgment on the pleadings, courts "'employ[] the same standard applicable to dismissals pursuant to Fed. R. Civ. P. 12(b)(6).'"  *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010) (alteration in original) (quoting *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009) (per curiam)).  Courts "accept all factual allegations in the complaint as true and draw all reasonable inferences in [plaintiffs'] favor."  *Id.* (alteration in original) (quotation and citation omitted).  "To survive a Rule 12(c) motion, [plaintiffs'] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Id.* (alteration in original) (quotation and citation omitted).  "[J]udgment on the pleadings is not appropriate if there are issues of fact which if proved would defeat recovery, even if the trial court is convinced that the party opposing the motion is unlikely to prevail at trial."  *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 301 (2d Cir. 2021) (alteration in original) (quoting *Dist. No. 1, Pac. Coast Dist., Marine Eng'res Beneficial Ass'n v. Liberty Mar. Corp.*, 933 F.3d 751, 761 (D.C. Cir. 2019)).

## III.   DISCUSSION

The TPCs each assert four claims against each Third-Party Defendant in almost identical language for a total of eight claims in each TPC.  The claims are: (1) common law indemnification from each Third-Party Defendant "for all the judgment or settlement that" the underlying Plaintiff may recover from the relevant Third-Party Plaintiff, Carey TPC ¶¶ 39, 71; Alltek TPC ¶¶ 39, 71,

6

(2) "contribution and/or indemnification" for the Third-Party Plaintiffs based on the relevant Third-Party Defendant's "negligence and/or culpable conduct," Carey TPC ¶¶ 41, 44, 73, 76; Alltek TPC ¶¶ 41, 44, 73, 76, (3) "contribution and/or indemnification" for the Third-Party Plaintiffs if the Underlying Plaintiff's "damages were caused and/or contributed to by the negligence, carelessness, culpable conduct, breach of contract and breach of warranty" of the relevant Third-Party Defendant, Carey TPC ¶¶ 46, 47, 78, 79; Alltek TPC ¶¶ 46, 47, 78, 79, and (4) contractual indemnification from the relevant Third-Party Defendant based on "a contract, agreement, proposal, invoice(s), work order and/or purchase order . . . the terms of which speak for themselves," Carey TPC ¶¶ 49, 55, 82, 89; Alltek TPC ¶¶ 49, 55, 82, 89.

### 1. Attached Exhibits

As an initial matter, the Court must decide whether to consider exhibits attached to the motions and responses that the parties assert are relevant contracts. Dkt. Nos. 125-1 to 125-9, 126-1 to 126-7, 129-1 to 129-5, and 132-1.

On a motion for judgment on the pleadings, a court may consider "any written documents attached" to the complaint and the answer and "any matter of which the court can take judicial notice for the factual background of the case." *Waugaman v. City of Albany, New York*, No. 1:18-cv-194 (BKS/CFH), 2020 WL 564636, at *1 (N.D.N.Y. Feb. 5, 2020) (quoting *L-7 Designs, Inc. v. Old Navy*, LLC, 647 F.3d 419, 422 (2d Cir. 2011)) (additional quotation omitted). Similarly, on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court may consider "any document attached to the complaint, any statements or documents incorporated in the complaint by reference, any document on which the complaint heavily relies, and anything of which judicial notice may be taken." *Prime Contractors, Inc. v. APS Contractors Inc.*, 754 F. Supp. 3d 289, 300 (E.D.N.Y. 2024). "A document may be deemed incorporated by reference when

a complaint attaches it as an exhibit or includes any statements from those documents." *Id.* "'[L]imited quotation' of documents not attached to the complaint 'does not constitute incorporation by reference.'" *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 60 (S.D.N.Y. 2010) (alteration in original) (quoting *Goldman v. Belden*, 754 F.2d 1059, 1066 (2d Cir. 1985)). "Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (citation and quotations omitted). Even if a document is integral to a complaint, a "court still may not consider it on a motion to dismiss if there is a dispute 'regarding the authenticity or accuracy of the document' or 'the relevance of the document' to the dispute." *DeLuca*, 695 F. Supp. at 60 (quoting *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006)).

Applying those standards here, the exhibits will not be considered. First, the exhibits were not attached to the TPCs, incorporated by reference, or quoted in even a limited manner. In addition, to the extent that the exhibits may be integral to the complaint, it is not clear that the parties do not dispute that they are authentic and relevant. In fact, Alltek argues that Baskervill's attached exhibits are not authentic or complete. Dkt. No. 126 at 3–5. As a result, if these exhibits were considered, the motions would be converted to a summary judgment motion. Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). Accordingly, the TPCs will be considered without referring to any facts in the exhibits, and this decision will not address arguments relying on those exhibits.

### 2. Indemnification

The Third-Party Defendants move to dismiss the TPCs to the extent that they assert claims

for indemnification.  Baskervill Memorandum of Law (Baskervill Mem.) at 14–17, Dkt. No. 125-10; BBL Memorandum of Law (BBL Mem.) at 15–20, Dkt. No. 129-6.  Carey and Alltek oppose.  Alltek Memorandum of Law in Response to Baskervill (Alltek Baskervill Mem.) at 6, Dkt. No. 126; Alltek Memorandum of Law in Response to BBL (Alltek BBL Mem.) at 8–10, Dkt. No. 132-2; Carey Memorandum of Law in Response to Baskervill (Carey Mem.) at 8–10, Dkt. No. 134; Dkt. No. 142.

### a.  Contractual Indemnification

Baskervill argues that the portions of the TPCs seeking contractual indemnity should be dismissed because the Third-Party Plaintiffs have failed to allege that the relevant written agreements include an indemnification clause.  Baskervill Mem. at 14–15.  BBL argues that the TPCs do not adequately allege contractual indemnification clauses.  BBL Mem. at 15–16.  Alltek responds that it cannot plead the existence of indemnification clauses because it did not possess the relevant contracts.  Alltek Baskervill Mem. at 6; Alltek BBL Mem. at 8.

"Under New York law, the right to indemnification operates to shift liability from one party to another and arises from either an express or implied contract."  *Haraden Motorcar Corp. v. Bonarrigo*, No. 1:19-cv-1079 (BKS/DJS), 2021 WL 4906989, at *5 (N.D.N.Y. Oct. 21, 2021) (citing *McDermott v. City of New York*, 50 N.Y.2d 211, 216 (1980)).  Further, "[u]nder New York law, '[t]he right to contractual indemnification depends upon the specific language of the contract' and any 'contractual indemnification provision 'must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed.''"  *Graham-Johnson v. City of Albany*, No. 1:19-cv-1274 (BKS/CFH), 2021 WL 1614763, at *4 (N.D.N.Y. Apr. 26, 2021) (second alteration in original) (quoting *Alfaro v. 65 W. 13th Acquisition, LLC*, 74 A.D.3d 1255, 1255–56 (2d Dep't 2010) (quoting *Hooper Assoc. v AGS Computs.*, 74 N.Y.2d 487, 491 (1989))).

9

Here, the TPCs do not contain well-pled allegations that would establish the existence of a contract with an indemnification clause benefitting either Third-Party Plaintiff, and instead rely on conclusory assertions that the terms of relevant contracts "speak for themselves."  Alltek TPC ¶¶ 37; 49, 67, 82; Carey TPC ¶¶ 37; 49, 67, 82.  This is not adequate to state a claim for express contractual indemnification.  *See Graham-Johnson*, 2021 WL 1614763, at *4 (dismissing a contractual indemnification claim where "the contract [was] not attached, or quoted, in any of the pleadings in this matter" because "[t]he right to contractual indemnification depends upon the specific language of the contract") (quotation and citation omitted); *Ilkowitz v. Durand*, No. 17-cv-773, 2018 WL 1595987, at *14, (S.D.N.Y. Mar. 27, 2018) (finding the defendants' contractual indemnification cross-claim, that pled "that '[a]t the time of the accident alleged . . . a contract was in effect between' them and the other co-Defendants, including Pilla, which requires Pilla to 'indemnify and/or hold harmless [the third-party plaintiff] for all claims, losses, liability and damages for any injury to any person,'" failed to state "a plausible contractual indemnification claim" in the absence of "any of the facts or circumstances of the alleged indemnification agreement").  If the TPCs pled the existence of the relevant clauses and their contours, even on information and belief, then dismissal might not have been warranted on this ground.  Instead, the TPCs alleged in conclusory, "boilerplate fashion" both the existence of the relevant contracts and their terms.  *Ilkowitz*, 2018 WL 1595987, at *14.  Accordingly, the motions will be granted on the claims in the TPCs for contractual indemnification.

### b.    Common Law Indemnification

Baskervill argues that the portions of the TPCs seeking common law indemnification should be dismissed because Baskervill did not contract with either Third-Party Plaintiff, and Baskervill does not have "a vicarious liability relationship" with either Third-Party Plaintiff

"through which [the Third-Party Plaintiffs] could be liable for work performed by Baskervill." Baskervill Mem. at 15.  BBL similarly argues that common law indemnification is not available because the Third-Party Plaintiffs participated in the underlying wrongdoing.  BBL Mem. at 19.

"The principle of common-law, or implied indemnification, permits one who has been compelled to pay for the wrong of another to recover from the wrongdoer the damages it paid to the injured party."  *Travelers Indem. Co. v. GHD Consulting Servs. Inc.*, No. 3:22-cv-1136 (BKS/ML), 2025 WL 295013, at *3 (N.D.N.Y. Jan. 24, 2025) (quoting *17 Vista Fee Assocs. v. Teachers Ins. & Annuity Ass'n of Am.*, 259 A.D.2d 75, 80 (1st Dep't 1999) (citing *D'Ambrosio v. City of New York*, 55 N.Y.2d 454, 460 (1982))).  "Implied (common law) indemnification 'is a restitution concept which permits shifting the loss because to fail to do so would result in the unjust enrichment of one party at the expense of the other.'"  *Haraden Motorcar*, 2021 WL 4906989, at *5 (quoting *McCarthy v. Turner Constr., Inc.*, 17 N.Y.3d 369, 375 (2011)) (additional quotation omitted).  "In a 'classic indemnification case,' the party seeking common-law indemnification has 'committed no wrong,' but has been held liable or exposed to liability to the injured party 'by virtue of some relationship with the tort-feasor or obligation imposed by law.'"  *Id.* (quoting *Glaser v. M. Fortunoff of Westbury Corp.*, 71 N.Y.2d 643, 646 (1988).  "'[T]he predicate of common law indemnity is vicarious liability without actual fault on the part of the proposed indemnitee,' and for that reason, 'common-law indemnity is barred altogether where the party seeking indemnification was itself at fault, and both tortfeasors violated the same duty to the plaintiff.'"  *Id.* (alteration in original) (quoting *Firestone v. Berrios,* 42 F. Supp. 3d 403, 421 (E.D.N.Y. 2013) (quoting *Monaghan v. SZS 33 Assocs., L.P.*, 73 F.3d 1276, 1284 (2d Cir. 1996) and *Trustees of Columbia Univ. v. Mitchell/Giurgola Assocs.*, 109 A.D.2d 449, 453 (1st Dep't 1985)).  "[T]he basis . . . for indemnity is that the liability of the party seeking indemnification is imposed by

11

'imputation of law,' such as through vicarious liability." *Id.* (quotation and citation omitted). "Moreover, indemnification is not available for parties who have participated in the wrongdoing." *Id.* at *6 (citing *Monaghan*, 73 F.3d at 1284).

The TPCs do not state a claim for common law indemnification because they do not adequately plead facts showing that either Third-Party Plaintiff's liability would be imposed by imputation of law, or that they were not participants in the alleged wrongdoing. In addition, the TPCs do not plead facts that would permit a reasonable inference that the Third-Party Plaintiffs were liable only through imputation law for the direct tortious acts of the Third-Party Defendants. Indeed, when read with the underlying Complaint, the TPCs suggest that Carey and Alltek are alleged to be direct tortfeasors. *See Mathis v. Cent. Park Conservancy, Inc.*, 251 A.D.2d 171, 172 (1st Dep't 1998) ("A party sued solely for its own alleged wrongdoing, rather than on a theory of vicarious liability, cannot assert a claim for common law indemnification.") (citing *Trustees of Columbia Univ.*, 109 A.D.2d at 453–54). The TPCs are therefore dismissed to the extent that they assert common law indemnification claims.

### 3. Breach of Contract

The parties read the TPCs to assert breach of contract claims, and the Third-Party Defendants move to dismiss those claims. *See* Baskervill Mem. at 12; BBL Mem. at 12; Alltek BBL Mem. at 6. As with the express contractual indemnification claims, the TPCs offer only conclusory statements that each Third-Party Plaintiff entered into a "contract, agreement, proposal, invoice(s), work order and/or purchase order" before the fire, with terms that "speak for themselves," and that the Third-Party Plaintiffs were an intended third-party beneficiary of another contract involving the Third-Party Defendants. Alltek TPC ¶¶ 37; 49, 67, 69, 82, 84; Carey TPC ¶¶ 37; 49, 67, 69, 82, 84.

"Under New York law, to survive a motion to dismiss a breach-of-contract claim, [the complaint] must allege facts that plausibly suggest '(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of the contract by the defendant, and (4) damages.'" *Lamoureux v. Trustco Bank*, 592 F. Supp. 3d 14, 27 (N.D.N.Y. 2022) (quoting *Habitzreuther v. Cornell Univ.*, 5:14-cv-1229 (GLS/TWD), 2015 WL 5023719, at \*5 (N.D.N.Y. Aug. 25, 2015)).

Here, like the express contractual indemnification claims, the breach of contract claims do not contain well-pled facts that plausibly suggest the existence of relevant contracts or their breach by the Third-Party Defendants.  The TPCs instead rely on conclusory, boilerplate allegations, and those are not sufficient to state a claim.  The breach of contract claims in the TPCs are therefore dismissed.

### 4.  Contribution

Baskervill (except Baskervill & Son International, P.C (sued as Baskervill & Son International Architects & Engineer)) and BBL move to dismiss the TPC contribution claims. Baskervill Mem. at 17; BBL Mem. at 19.

"[C]ontribution generally operates to apportion liability among tort-feasors, regardless of the underlying theory of liability." *Graham-Johnson*, 2021 WL 1614763, at \*5 (citing *McDermott*, 50 N.Y.2d at 216).  In other words, "[t]he right to contribution generally arises when 'multiple wrongdoers . . . each owe a duty to plaintiff or to each other and by breaching their respective duties they contribute to plaintiff's ultimate injuries." *Firestone*, 42 F. Supp. 3d at 421 (second alteration in original) (quoting *Trustees of Columbia Univ.*, 109 A.D.2d at 454).  "Thus, '[t]he critical requirement' for apportionment by contribution . . . is that the breach of duty by the contributing party must have had a part in causing or augmenting the injury for which contribution

is sought.'" *Id.* at 420–21 (first alteration in original) (quoting *Raquet v. Braun*, 90 N.Y.2d 177, 183 (1997)); *see* N.Y. C.P.L.R. § 1401 (providing for a claim for contribution).

As currently pled, the challenged portions of the TPCs do not state a claim for contribution because they do not plead facts that demonstrate either the existence of a duty to one of the parties or, that the Third-Party Defendants' breach of that duty resulted in the fire.  Although the TPCs state that some relationship existed between the Third-Party Defendants and the Third-Party Plaintiffs—the allegedly responsible heat pump was "specified by" Baskervill," "sold to" BBL, "installed by" Alltek, and then "electrified by" Carey—this is not enough by itself to meet the pleading requirements.  *See* Carey TPC ¶ 21; Alltek TPC ¶ 21.  There are no other well-pled allegations to supplement this statement, and it is not a reasonable inference on its own that, in specifying or buying the heat pump, the Third-Party Defendants breached a duty to another party that caused or contributed to the fire, when the underlying complaint tethers the fire to actions by the Third-Party Plaintiffs.  With the exception of the contribution claim against Baskervill & Son International, P.C. (sued as Baskervill & Son International Architects & Engineer), the contribution claims in the TPCs are therefore dismissed.

## IV.   LEAVE TO AMEND

Both Carey and Alltek are given leave to amend their third-party complaints.  "Although Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend 'shall be freely given when justice so requires,' it is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (quoting Fed. R. Civ. P. 15(a)).  A court may, in its discretion, deny leave to amend "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *MSP Recovery Claims, Series LLC v. Hereford Ins. Co.*, 66 F.4th 77, 90 (2d Cir. 2023) (citation and

14

quotation omitted).  Leave to file an amended complaint may be given even after granting a motion under Federal Rule of Civil Procedure 12(c).  *See Hayden v. Paterson*, 594 F.3d 150, 171 (2d Cir. 2010) (affirming the district court decision granting a motion for judgment on the pleadings, and remanding for plaintiffs to seek leave to amend);  *Mancini v. UBS AG, New York Branch*, 757 F. Supp. 3d 571, 585 (S.D.N.Y. 2024) (granting motion for judgment on the pleadings and allowing the plaintiff to file a second amended complaint).

Carey and Alltek may file amended TPCs within thirty days.  Any amended TPC will replace the existing TPC; it must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court.  *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect.") (citation and quotation omitted).

## V.      CONCLUSION

For these reasons, it is hereby

**ORDERED** that the motion by Baskervill & Son International, P.C (sued as Baskervill & Son International Architects & Engineer), Baskervill & Son, P.C., and Baskervill Architecture, Inc. to dismiss, Dkt. No. 125, is **GRANTED,** and the breach of contract, contractual indemnification, common law indemnification, and contribution claims against those Third-Party Defendants in the Carey and Alltek Third-Party Complaints are **DISMISSED without prejudice,** except that the contribution claim against Baskervill & Son International, P.C (sued as  Baskervill & Son International Architects & Engineer) remains; it is further

**ORDERED** that BBL's motion for judgment on the pleadings, Dkt. No. 129, is **GRANTED,** and all of the claims against BBL in the Carey and Alltek Third-Party Complaints

are **DISMISSED without prejudice**; it is further

ORDERED that Carey and Alltek are granted leave to amend to the extent authorized in this Memorandum-Decision and Order; and it is further

ORDERED that any amended third-party complaint must be filed within thirty days of the date of this Memorandum-Decision and Order.

**IT IS SO ORDERED.**

Dated: March 30, 2026

_____

Elizabeth C. Coombe
U.S. District Judge